.(C. D. 596)

Sprouse-Reitz Co., Inc. *v.* United States

United States Customs Court, Second Division

(Decided February 25, 1942)

*Philip Stein* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard H. Welsh* and *Joseph A. Howard, Jr.*, special attorneys), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States, arising at the port of San Francsico, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation described in the invoice as "Barrel Bolts, Iron Black Japd." Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as articles or wares not specially provided for, composed in chief value of base metal, not plated with platinum, gold, or silver, or colored with gold lacquer.

It is claimed that said articles are properly dutiable at 1 cent per pound under the provision in paragraph 330 of said act for "bolts, with or without threads or nuts, and bolt blanks, of iron or steel"; or, alternatively, at the rate of 40 per centum ad valorem under paragraph 339 of said act as household untensils of the kind therein made dutiable at the latter rate.

In his brief filed herein, counsel for the plaintiff formally abandoned the claim alleged under said paragraph 339.

No testimony was introduced at the trial. However, counsel for the plaintiff did move in evidence the "Answer to Protest" made by the acting appraiser, which reads as follows:

The protested merchandise, invoiced as iron bolts, are sliding door bolts and are properly classified under Paragraph 397 at 45%. These are not the bolts as mentioned under Paragraph 330. T. D. 47797 and Abs. 23804.

Upon this record counsel for the Government in his brief filed herein contends that there is no proof in the record that the imported merchandise is composed of iron or steel, and cites in support of such contention the decision in *Manhattan Import Co., Inc.* v. *United States*, T. D. 47797, 68 Treas. Dec. 68. In that case, certain door fasteners were, as in the present case, classified by the collector as manufacturers of metal not specially provided for at the rate of 45 per centum ad valorem under said paragraph 397. They were claimed by the plaintiff to be properly dutiable under paragraph 329 of said act which provides for various kinds of chains composed of iron or steel. But the record contained no proof whatever concerning the constituent metal in said door fasteners. Such is not the situation in the present case. Here, the articles are referred to by the appraiser in his "Answer to Protest" as "iron bolts," which description is based upon that given in the invoice. Also, the protest filed with the collector describes the merchandise covered thereby as "Iron Bolts."

It is a well-established principle of customs law that an unchallenged invoice description of imported merchandise is *prima facie* evidence of the character thereof. In *United States* v. *Bloomingdale Bros. & Co.*, 10 Ct. Cust. Appls. 149, T. D. 38400, the appellate court said:

True, the statements of the invoice do not finally conclude the collector, but to say that such a document, hedged about as it is by sanctions and safeguards to secure correctness, has no evidentiary value whatever in the absence of better evidence as to the tariff status and dutiable value of merchandise, is to say that Congress did a useless thing and required a document to supply information to the collector for official purposes which was not even weak *prima facie* evidence of that which it stated. Not only is the invoice *prima facie* evidence of that which it declares, but unimpeached and not mistrusted or discredited, it is *the* evidence which determines the collector's action as to all imported merchandise which has not been examined. * * *

*       *       *       *       *       *       *

That the invoice is controlling in the absence of evidence to the contrary was held by General Appraiser Somerville in T. D. 16647; G. A. 3292, and again in T. D. 24780; G. A. 5472. The decision last named was affirmed by the circuit court in *United States* v. *Lahey & Duncan* (132 Fed., 181).

Likewise, it is an equally well-settled rule of customs law that where a dutiable provision names an article without terms of limitation, all forms of that article are thereby included, unless a contrary

legislative intent plainly appears. *Smillie & Co.* v. *United States*, 11 Ct. Cust. Appls. 199, T. D. 38966; *Mitsubishi Shoji Kaisha* v. *United States*, T. D. 49226, 72 Treas. Dec. 500. The fact that the instant bolts may be sliding bolts as stated by the appraiser in his answer to protest—and there is no other evidence of that fact—does not remove them from the category of bolts contemplated by said paragraph 330.

Upon the established facts and the law applicable thereto we hold that the iron bolts constituting the imported merchandise at bar are properly dutiable at the rate of 1 cent per pound under the provision in said paragraph 330 for "bolts, with or without threads or nuts," as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.