(C. D. 769)

North American Mercantile Co. et al. *v.* United States

United States Customs Court, First Division

(Decided May 19, 1943)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.

*Paul P. Rao*, Assistant Attorney General (*Joseph B. Brady* and *Harold L. Grossman*, special attorneys), for the defendant.

Before OLIVER, WALKER, and COLE, Judges; COLE, J., not participating

WALKER, Judge: The merchandise the subject of these protests was classified by the collector of customs in every case except protest 10187-K as seaweed, manufactured, and assessed with duty at the rate of 10 per centum ad valorem under the provision therefor in paragraph 1540, of the Tariff Act of 1930, which reads as follows:

PAR. 1540. Moss and sea grass, eelgrass, and seaweeds, if manufactured or dyed, 10 per centum ad valorem.

The merchandise involved in protest 10187-K was assessed with duty at the rate of 35 per centum ad valorem under the provision in paragraph 775 of the same act for "Vegetables * * * prepared." In every case claim is made that the merchandise is entitled to free entry under the provision in paragraph 1705 of the act for "Kelp."

When the cases were called for trial counsel for the plaintiffs offered in evidence the appraiser's reports in answer to the protests. Objection to the admission of these was made by counsel for the Government on the ground that said reports were untimely, not having been filed within the 90-day period within which the collector might review his action. We find, on examining the official papers, that the answers to five of the protests, namely, 794364-G, 969792-G, 975849-G, 983287-G, and 976600-G were made by the appraiser within the 90-day period during which the collector had jurisdiction, and hence are part of the official record in the case, and may be considered as evidence.

Each of these reports except that under protest 976600-G contains a statement that the merchandise covered by the protest to which it is an answer "is a seaweed by the name of 'kelp,' which has been advanced in value and condition by grinding into a powder." In the case of *Centennial Flouring Mills Co. et al.* v. *United States*, 29 C. C. P. A. 264, C. A. D. 200, such merchandise was held to be entitled to classification under the provision for "kelp" in paragraph 1705 of the free list, and under that authority the claim under paragraph 1705 in each of the four protests enumerated must be and is hereby sustained.

The report in answer to protest 976600-G does not identify the seaweed covered thereby as kelp, and hence is not sufficient to establish the claim made by the plaintiff.

With respect to the appraiser's reports in the other cases which were untimely the objection of Government counsel to their admission was sustained at the time of trial. Counsel for the plaintiffs thereupon offered in evidence the invoices in all cases, pointing out that in each case the merchandise was described thereon by the use of words such as "kelp," "powdered kelp," "vege-sea laminaria kelp," and similar descriptions. There was no objection on the part of the defendant to the admission of the invoices, and they were accordingly received in evidence.

In the brief filed on behalf of the plaintiffs there are cited the cases of *United States* v. *Bloomingdale*, 10 Ct. Cust. Appls. 149, T. D. 38400; *United States* v. *Sabin*, 12 id. 520, T. D. 40731; *Woolworth* v. *United States*, T. D. 47839; *Standard Chemical Products* v. *United States*, T. D. 43590; and *Sprouse-Reitz* v. *United States*, 8 Cust. Ct. 159, C. D. 596, all having to do with the evidentiary value of invoices or invoice descriptions.

In the *Bloomingdale* case, *supra*, the merchandise consisted of jacquard-figured cotton cloth in the piece which was classified by the collector as "Jacquard figured manufactures of cotton" under the provision therefor in paragraph 258 of the Tariff Act of 1913, carrying assessment of duty at the rate of 30 per centum ad valorem. It was claimed to be properly dutiable as woven-figured cotton cloth under the provisions of paragraph 252 of the same act, the rates of duty under which were based upon the yarn count. The collector's assessment under paragraph 258 was found to be erroneous in that the provision in paragraph 252 was more specific in application to the merchandise, but as to certain of the merchandise the yarn count, which determined the rates under said paragraph 252, was not established by any evidence offered at the trial.

As to such merchandise, this court accepted the statement of the yarn count as given on the invoices as evidence of the facts, and gave judgment for the plaintiff accordingly. On appeal by the defendant it was contended that the yarn count should have been established by independent, affirmative evidence and, to quote from the appellate court's opinion,

—in effect that the invoice required by law is no evidence whatever of the nature or character of the goods, or of any other fact determinative of the classification of imported merchandise or of the rate or amount of duty which should be imposed thereon.

After an illuminating discussion concerning the history of the place of the invoice in customs administration and jurisprudence, the writer of the majority opinion said:

We must conclude, therefore, that customs laws have always contemplated that invoices in due form made in accordance with statutory requirements and not discredited or impeached were, in the absence of other proof, admissible as

some evidence of the facts stated therein, and that the administrative practice and the judicial tribunals have conformed to that interpretation.

We think particular emphasis must be laid on the words "not discredited or impeached," for they point to the only situation in which the court intended to be understood that invoices should have evidentiary value.

The decision in the *Sabin* case, *supra*, was based upon that in the *Bloomingdale* case, as was the decision in the *Sprouse-Reitz* case. The *Standard Chemical Products* case, *supra*, is not in point for there oral evidence contradicting the invoice description was offered and it was held that the latter could not be considered as against such testimony. In the *Woolworth* case, *supra*, the court found that evidence contrary to the invoice description, which was in harmony with the collector's classification was insufficient to establish that the latter was erroneous.

In the case at bar, the classification of merchandise by the collector, either as "seaweeds * * * manufactured" or "vegetables * * * prepared," directly impeached the invoice description of "kelp." In this situation the rule of the *Bloomingdale* case does not apply.

We think the decision in the case at bar is controlled by the decision in the case of *United States* v. *Ocean Brokerage Co.*, 11 Ct. Cust. Appls. 38, T. D. 38648, cited in the brief filed on behalf of the defendant. In that case the issue was submitted for decision upon the official record alone, no other evidence having been offered by either side at the trial. The claim of the plaintiff rested upon a statement made in the invoice, while the Government's case rested upon the presumption of correctness attaching to the collector's action. The court, after thus stating the situation, speaking through Judge Martin, said:

* * *. We think it a settled rule in such cases that the presumption favoring the collector's liquidation should prevail, and accordingly that the protest should have been overruled.

There, as here, the *Bloomingdale* case was cited, and in this connection the court said:

In the case of *United States* v. *Bloomingdale Bros. & Co.* (10 Ct. Cust. Appls. 149; T. D. 38400), which the importers cite as an authority in their favor, the collector's classification of the merchandise was shown by testimony to be erroneous, and the Government admitted this fact in its brief. In that situation a statement in the invoice showing "yarn count," the statement being "undiscredited and unimpeached," was accepted in determining the dutiable grade of the merchandise under an appropriate paragraph. We think that the conclusion thus reached by the court is distinguishable from the present case wherein the invoice statement and the collector's assessment are in plain contradiction of one another, and the collector's decision is otherwise uncontradicted and unimpeached.

As to the protests here involved other than the four enumerated heretofore judgment will therefore issue overruling the claims therein.