·BEFORE THE FIRST DIVISION, DECEMBER 5, 1945

**No. 50737.**—Protest 976570–G of M. W. Park & Co. (San Francisco).

OLIVER, Presiding Judge: This is a suit against the United States in which the plaintiff seeks to recover the duties paid on an importation of merchandise described on the *pro forma* invoice as "Kelp Meal" and which was assessed with duty at the rate of 10 percent ad valorem under paragraph 1540, Tariff Act of 1930, as "seaweeds * * * manufactured." The merchandise is claimed to be entitled to free entry under the provision in paragraph 1705 of the same act for "Kelp."

When the case was called for trial counsel for the plaintiff moved in evidence the appraiser's answer to the protest which was attached to the official papers transmitted to the court by the collector. The motion was granted over the objection of counsel for the Government.

Examination of the official papers reveals that the protest was filed on October 5, 1938, and that the appraiser's answer was dated October 10, 1938. This answer was filed within the 90-day period within which the collector may review his action (section 515) and under the established rule is a part of the record, and in proper cases may be considered as evidence of the character of the merchandise (*M. Pressner & Co.* v. *United States*, 26 C. C. P. A. 186, C. A. D. 16).

In this connection it may be noted that in *North American Mercantile Co. et al.* v. *United States*, 10 Cust. Ct. 293, C. D. 769, this court (Walker, J.) considered as evidence the appraiser's reports in answer to four of the protests there involved. These reports stated that the merchandise "is a seaweed by the name of 'kelp,' which has been advanced in value and condition by grinding into a powder."

Following *Centennial Flour Mills Co. et al.* v. *United States*, 29 C. C. P. A. 264, C. A. D. 200, it was held such merchandise was free of duty as "kelp" under paragraph 1705. Other protests involved were overruled and the importers appealed, contending that the invoices involved were competent evidence and reports made by the appraiser more than 90 days after protests were admissible in evidence. Our appellate court (*Oakland Food Products Co.* v. *United States*, 32 C. C. P. A. 28, C. A. D. 281) affirmed the decision below, stating that the Government, while admitting it filed no appeal with respect to that portion of the judgment sustaining four of the protests, urged in its brief that the court erred in sustaining those protests. The appellate court held that "the Government, if it desired to have us consider the judgment of the court on the protests which were sustained, should have appealed from its judgment in that respect."

The appraiser's answer to the protest now before us, as in *North American Mercantile Co. et al.* v. *United States, supra,* describes the involved merchandise as "a seaweed by the name of 'kelp,' which has been advanced in value and condition by grinding into a powder." It therefore appears that the merchandise is of the same character as that before the court in the *Centennial Flour Mills Co.* and *North American Mercantile Co.* cases.

Following the authorities cited, the claim for free entry as "kelp" under paragraph 1705 is sustained and judgment will issue accordingly.