UNITED STATES *v.* RICHARD & CO. (No. 1873).[1]

1. CONSTRUCTION, PARAGRAPH 557, TARIFF ACT OF 1913—"CRUDE."

    The term "crude," as used in tariff legislation and in paragraph 557, tariff act of 1913, is a relative term, its meaning depending upon its use in the context.

2. EVIDENCE, PRESUMPTION FAVORS COLLECTOR'S CLASSIFICATION.

    The collector having classified "marrons, baked," as "nuts" under paragraph 226, tariff act of 1913, rather than as "marrons, crude" under paragraph 557, and the evidence before him being such that either conclusion may have been reached, the presumption in favor of his classification must be indulged, and the decision of the board sustaining the protest is reversed.

[1] T. D. 37583 (34 Treas. Dec., 275).

## United States Court of Customs Appeals, March 6, 1918.

APPEAL from Board of United States General Appraisers, Abstract 41231.

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.
*Curie, Smith & Maxwell* for appellees.

[Oral argument Feb. 14, 1918, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

·DE VRIES, Judge, delivered the opinion of the court:

The importation of marrons having been made at the port of New York the collector of customs thereat classified the same for dutiable purposes as "nuts" under the provisions of paragraph 226 of the tariff act of 1913, which provides for "nuts of all kinds, shelled or unshelled, not specially provided for in this section, * * *." The importers protested against this classification and made due appeal to the Board of General Appraisers. No testimony seems to have been taken before the board, nor was there any sample of the merchandise before them. The sole proceeding there was the introduction in evidence of the advisory classification of the appraiser made to the collector, which reads: "The merchandise consists of marrons, baked."

The board reversed the decision of the collector, reciting in its opinion that—

We are not advised whether these nuts were shelled or not shelled. It is agreed, however, that they are baked. We are not advised, either, as to what the purpose of this baking is. We assume that it is for the purpose of preparing it for food in some way.

The court is of the opinion that there was not sufficient evidence before the Board of General Appraisers to reverse the decision of the collector, which is attended by a presumption of correctness.

The term "crude," as used in tariff legislation, is a relative term, its meaning depending upon its use in the context. It is unfortunate that neither the board nor the court was enlightened by testimony upon the subject. Whether or not the nuts were shelled or unshelled may control their classification. Moreover, it is possible that the baking of the nuts, which destroyed their germination and which may have prepared them for food, may have been such a processing as to carry them without the category of "marrons, crude." The collector having viewed and held the merchandise in a condition which would carry it into the category of "nuts, shelled or unshelled," and the evidence before him being such that either conclusion may well have been reached, the court is of the opinion that the decision of the collector should, in due respect to the presumption of correctness attending the same, have been affirmed.

*Reversed.*