UNITED STATES v. OCEAN BROKERAGE CO. (No. 2870).[1]

1. EVIDENCE, CONFLICTING PRESUMPTIONS—INVOICE RECITAL, COLLECTOR'S FINDING PREVAILS OVER.

Where the evidence is confined to the invoice and the collector's finding in contradiction of it, the presumption of correctness attendant upon the collector's finding prevails.

2. APPRAISEMENT AND LIQUIDATION.

The packing charges were stated in the invoice to be 18 sen per cubic foot. The appraiser wrote under this statement "should be 23 sen per cu. ft." The collector liquidated in accord with the appraiser's annotation. This was not an appraisement by the collector but a determination by him of the packing charges, aided, doubtless, by the appraiser's advisory indorsement.

## United States Court of Customs Appeals, March 1, 1921.

APPEAL from Board of United States General Appraisers, Abstract 43856.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney; of counsel), for the United States.
*Sharretts, Coe & Hillis* for appellee.

[Oral argument Jan. 20, 1921, by Mr. Hanson and Mr. Sharretts.]

Before SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consisted of certain decorated porcelain ware which was imported from Japan. The articles were tied up in straw bundles and these in turn were packed in ordinary wooden shipping cases.

The importer entered the merchandise for duty upon a consular invoice wherein the value of the goods was given, and the packing charges were stated to be 18 sen per cubic foot. The merchandise was dutiable at an ad valorem rate, and the packing charges accordingly were dutiable at the same rate.

The local appraiser when passing upon the entry approved and affirmed the invoice valuation of the merchandise, but with respect to the packing charges he indorsed upon the entry, "should be at 23 sen cu. ft."

The collector liquidated the entry by assessing the correct rate of duty upon the invoice valuation of the merchandise, and the same rate upon the packing charges on a basis of 23 sen per cubic foot. The assessment upon the packing charges was thus increased as compared with the entry, but no additional duty was assessed upon the merchandise per se.

The importer upon its part concedes the correctness of the liquidation in so far as it relates to the merchandise alone, but it protests

[1] T. D. 38648

against the increase in the packing charges from 18 to 23 sen per cubic foot, claiming that the entered statement of 18 sen was correct and that the assessment upon 23 sen was excessive.

The protest was submitted to the Board of General Appraisers and was sustained. The Government appeals from that decision.

The issue was submitted to the board upon the official record alone, no testimony having been introduced by either side at the trial. It may therefore be said that at the trial the claim of the protestant was rested upon the statement of the invoice alone, while the Government's case was rested upon the legal presumption of correctness which attaches to the collector's liquidation. We think it a settled rule in such cases that the presumption favoring the collector's liquidation should prevail, and accordingly that the protest should have been overruled.

In United States *v.* Gage Bros. (1 Ct. Cust. Appls., 439, 442; T. D. 31503), relating to the correctness of the weights at which certain silk ribbons and fabrics were assessed, the court in overruling the protest, said:

In the absence of material and competent evidence to the contrary, the method of ascertaining the weights of any importation and the weights officially reported by the customs officers are presumed to be correct. The fact that those weights differ from the invoice weights of the actual importation and from official weights found for anterior importations not involved in the protests, in our opinion, does not of and by itself overcome that presumption.

In United States *v.* National Aniline and Chemical Co. (3 Ct. Cust. Appls., 10; T. D. 32287), wherein there was attached to the invoice an ex parte statement to the effect that alcohol had not been used in the manufacture of the merchandise, the court said:

It can not well be claimed that this exhibit is of greater probative value than a statement if one was made, in the invoice itself, to the effect that alcohol was not used in the preparation of the thymol, and it is manifest that such a statement in no wise corroborated would be insufficient to impeach the correctness of the collector's classification.

In Hull *v.* United States (10 Ct. Cust. Appls., 211; T. D. 38556), the court, in passing upon a question of practice relating to American goods returned, said:

We conclude that the preliminary papers which importers are required by the regulations to file with the collector in support of a claim for free entry of merchandise under paragraph 404, supra, are simply intended to assist the collector in deciding upon the entry, and possess no conclusive or binding force upon his official action. And if in such case the collector for reasons which seem proper to him decides against the claim for free entry, and thereupon assesses duty upon the merchandise, his decision in the first instance is presumed as in other cases to be correct; and upon the trial of a protest in such case the burden is cast upon the protestant as in other cases to establish by lawful evidence any and all facts upon which he relies to overcome that presumption.

See also Horsfield *v.* United States (1 Ct. Cust. Appls., 138, 140; T. D. 31186); United States *v.* Richard & Co. (8 Ct. Cust. Appls., 304; T. D. 37583); United States *v.* Rappolt & Co. (9 Ct. Cust. Appls., 21; T. D. 37846).

In the case of Tuska, Son & Co. *v.* United States (10 Ct. Cust. Appls., 65; T. D. 38337), which is cited by importer as authority for its contention, the question involved in the present case did not arise and of course was not passed upon. In that case a written stipulation was made part of the record, whereby all of the relevant facts were mutually conceded by the parties. It is of course apparent that the present issue could not arise upon such a record.

In the case of United States *v.* Bloomingdale Bros. & Co. (10 Ct. Cust. Appls., 149; T. D. 38400), which the importers cite as an authority in their favor, the collector's classification of the merchandise was shown by testimony to be erroneous, and the Government admitted this fact in its brief. In that situation a statement in the invoice showing "yarn count," the statement being "undiscredited and unimpeached," was accepted in determining the dutiable grade of the merchandise under an appropriate paragraph. We think that the conclusion thus reached by the court is distinguishable from the present case wherein the invoice statement and the collector's assessment are in plain contradiction of one another, and the collector's decision is otherwise uncontradicted and unimpeached.

As is stated above, the local appraiser when passing upon the entry indorsed upon it his disapproval of the item of 18 sen per cubic foot for packing charges, and wrote thereunder, "should be 23 sen cu. ft." This figure was adopted by the collector in the liquidation of the entry. It is contended by the importer that these facts amount to an appraisement of the packing charges by the appraiser, and that the collector adopted the appraiser's indorsement as an advancement of value in that sense. Such a course, it is contended, would be in violation of the rule laid down in United States *v.* Spingarn (5 Ct. Cust. Appls., 2; T. D. 34002), wherein the court held that such charges as these are not subject to appraisement by the appraiser but are to be ascertained and found by the collector.

We think, however, that in the present case the appraiser did no more than to make an advisory indorsement upon the entry calling the collector's attention to the packing charges and noting his opinion concerning them. There is nothing in the Spingarn rule which inhibits such action upon the part of the appraiser. The collector, aided doubtless by the appraiser's notation, investigated the item and ascertained the cost of the charge to be 23 sen per cubic foot, and liquidated the entry accordingly. This seems to us to be the proper interpretation of the transaction. The decision of the collector against the invoice statement of the packing charges is entitled to prevail unless overcome by other facts or circumstances in the case.

The case, it may be repeated, stands solely upon a contradiction between a statement of fact contained in the invoice and the decision of the collector in the liquidation against that statement, unaffected by any other fact or circumstance. In such a case the general rule as aforesaid is in favor of the collector's liquidation, and that rule is decisive of the present case.

The decision of the board is accordingly *reversed.*