OAKLAND FOOD PRODUCTS CO. ET AL. *v.* UNITED STATES (NO. 4457)[1]

United States Court of Customs and Patent Appeals, May 22, 1944

*Lawrence & Tuttle* (*Frank L. Lawrence* of counsel) for appellants.
*Paul P. Rao*, Assistant Attorney General (*Sybil Phillips* and *Joseph F. Donohue*, special attorneys, of counsel), for the United States.

[Oral argument April 5, 1944, by Mr. Tuttle and Mr. Donohue]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON Associate Judges [2]

JACKSON, Judge, delivered the opinion of the court:

This appeal involves the dutiable status of certain merchandise variously invoiced as "Japanese powdered kelp," "Laminaria kelp," "Vege-sea laminaria kelp," and of similar descriptions. In the United States Customs Court, First Division, 16 protests of various defendants were involved and consolidated for trial. The goods, with the exception of those described in one protest, were classified as "Seaweed, manufactured," and held dutiable at the rate of 10 per centum ad valorem under paragraph 1540 of the Tariff Act of 1930, reading as follows:

PAR. 1540. Moss and sea grass, eelgrass, and seaweeds, if manufactured or dyed, 10 per centum ad valorem.

The goods involved in the said single protest were assessed with duty at the rate of 35 per centum ad valorem under paragraph 775 of said act as "Vegetables * * * prepared * * *."

In each case the importer claimed the merchandise to be properly free of duty under paragraph 1705 of the act as "Kelp."

At the trial, counsel for the plaintiffs (appellants here) offered in evidence the invoices and the appraiser's reports in answer to the

---

[1] C. A. D. 281.

[2] Lenroot, Judge, sat during the argument of this case, but resigned before the opinion was prepared

protests. Government counsel objected to the admission of the reports on the ground that they were untimely, not having been filed within the 90-day period within which the collector might review his action.

The trial court found on examination of the official papers that the reports on five of the protests had been made within the said period, and therefore should be considered as evidence. In four of the five reports the appraiser stated that the merchandise covered by the protest "is a seaweed by the name of 'Kelp,' which has been advanced in value and condition by grinding into a powder." With respect to those four protests the trial court held that they should be sustained under the authority of *Centennial Flouring Mills Co. et al.* v. *United States,* 29 C. C. P. A. (Customs) 264, C. A. D. 200.

As to the fifth protest the appraiser's report did not identify the goods as kelp and accordingly the court held it was not sufficient to establish plaintiff's claim.

The objection of Government counsel to the admission of the appraiser's reports in the 11 remaining cases, on the ground of untimeliness, was sustained.

The trial court analyzed the cases cited by the plaintiffs and held that its decision was controlled by the case of *United States* v. *Ocean Brokerage Co.,* 11 Ct. Cust. Appls. 38, T. D. 38648, and accordingly entered judgment for the plaintiffs on the four protests hereinbefore mentioned and overruled the other 12. From that judgment this appeal was taken.

The appellants contend here, as they did below, that the invoices of the merchandise involved in all of the overruled protests were competent evidence and that reports made by the appraiser more than 90 days after protest were admissible because in compliance with the regulations and not *ultra vires.* They argue that both the invoices and the reports of the appraiser were unimpeached or discredited and therefore establish the involved merchandise to be "kelp," except as to the single protest hereinbefore mentioned. With respect to that protest appellants urge that the invoice descriptions "Laminaria kelp (powdered kelp)" and "powdered kelp" were not impeached by the appraiser's description "seaweed powdered."

The brief for appellants discusses many cases of this and other courts to sustain their contentions, but we consider it unnecessary to refer to any of them for the reason that it is the settled law of this jurisdiction that the report of the appraiser does not bind the collector, who is the classifying officer. The appraiser's report is advisory only, *National Hat Pin Co.* v. *United States.* 5 Ct. Cust. Appls. 435, T. D. 34971.

Clearly the decision here is controlled by the decision of this court in the case of *United States* v. *Ocean Brokerage Co., supra,* wherein the

issue was whether the statement of the invoice alone overcame the legal presumption attaching to the correctness of the collector's liquidation.

The invoice description does not fix in a dutiable sense the nature or status of an importation. It is but one of the items considered by the collector when he makes his classification of imported merchandise. It is difficult to understand what value there would be to the presumption of correctness attaching to his action in classifying if such were not the case, and all an importer would have to do would be to introduce his invoice as establishing a *prima facie* case and pass the burden to the Government to establish the correctness of the classification.

The answers of the appraiser to the protests, not having been timely filed, were not competent evidence, and there being no other evidence submitted by the importer the presumption attaching to the correctness of the classification by the collector has not been overcome.

While the Government in its brief admits that it filed no appeal with respect to that portion of the judgment of the trial court sustaining four of the protests, it urges in its brief here that the court erred in sustaining those protests.

Each protest is the basis for a distinct and separate suit and the consolidation of several of them for the purpose of trying them together is merely to save time and expense attendant upon litigation. The judgment on each one of the protests is specifically made part of the judgment in such event, and the Government, if it desired to have us consider the judgment of the court on the protests which were sustained, should have appealed from its judgment in that respect.

For the reasons herein stated the judgment of the United States Customs Court is *affirmed*.