**No. 51353.**—Protests 718798–G, etc., of Marine By-Products Co. (Portland, Oreg.).

MOLLISON, Judge: In these cases the plaintiff claims that certain imported merchandise described on the invoices as "Kelp Meal for Cattle" should have been accorded free entry under the provision in paragraph 1705, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1201, par. 1705), for "Kelp." It appears to have been classified by the collector under the provision for "seaweeds * * * manufactured" in paragraph 1540 of the same act (19 U. S. C. 1940 ed. § 1001, par. 1540), with consequent duty assessment at the rate of 10 percent ad valorem.

Plaintiff relies upon the case of *Centennial Flouring Mills Co. et al.* v. *United States*, 29 C. C. P. A. 264, C. A. D. 200, wherein it was pointed out that the provision in paragraph 1540 of the Tariff Act of 1930 for "seaweeds * * * manufactured" does not include merchandise which in its imported condition is nothing more than kelp, whether crude or manufactured.

The examiner who made the advisory returns in these cases was called to the stand and under questioning by counsel for the plaintiff stated that his return under paragraph 1540 "was based upon the conclusion that any ground seaweed was dutiable as manufactured seaweed."

The only other witness called was the person holding the position of liquidator in the collector's office at the port of Portland, Oreg., through which the merchandise was imported. It appeared that he had not been the liquidator at the time the entries in question were liquidated. After answering in the affirmative a question asking whether he knew the basis for the assessment of duty at 10 percent, he stated that from the notations appearing on the invoice the reason for the assessment—

* * * would be that the appraiser has described the merchandise in red ink here and has advised the collector by such description what the merchandise is. Asked if he knew whether it was—

* * * the practice at the time * * * to assess a duty of 10 per cent upon ground seaweed, regardless of the exact nature of that seaweed * * *

—the witness answered—

No, I don't know what the officer then would do.

Counsel for the plaintiff in the brief filed in its behalf refers to its brief "on like merchandise" in the case of *Geo. S. Bush & Co., Inc., et al.* v. *United States*, Abstract 51351, decided concurrently herewith, and indicates its view that the questions presented in both cases, as well as in the cases of *California Milk Producers Assn. et al.* v. *United States*, Abstract 51352, and *Albers Bros. Milling Co. et al.* v. *United States* (17 Cust. Ct.—, C. D. 1027), also decided concurrently herewith, are essentially identical. While the questions presented in the cases cited may be the same, the record in the case at bar differs in a material way from

the records in the other cases. Plaintiff relies upon the invoice descriptions herein ("Kelp Meal for Cattle") to establish that the imported product in fact consisted of that variety of seaweed known as kelp. Upon its face, the classification of the merchandise by the collector as "seaweeds * * * manufac-- tured" controverted the invoice designation of the merchandise as kelp, since the former provision does not include kelp, whether crude or manufactured. *Centennial Flouring Mills Co. et al.* v. *United States, supra.* In a case where the invoice statements and the collector's classification are contradictory, the former, standing alone, does not overcome the presumption of correctness attaching to the latter. *United States* v. *Ocean Brokerage Co.*, 11 Ct. Cust. Appls. 38, T. D. 38648.

The obvious purpose of the testimony of the examiner and the liquidator was to establish that a finding essential to a proper classification of merchandise as "seaweeds * * * manufactured" (viz, that the collector took into consideration the variety of seaweed involved) was not made, and hence, to destroy the presumption of correctness ordinarily attaching to the classification.

The evidence offered in the case at bar falls short of fulfilling this purpose. While the testimony of the examiner does indicate that he did not consider whether or not the merchandise was kelp in making his return, it must be remembered that the examiner's return is advisory only. There is no direct evidence, nor even sufficient evidence upon which we would be warranted in drawing the inference, that the collector did not, in classifying the merchandise at bar, make the finding necessary to sustain his classification. As a matter of law, there is a presumption that he did. *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. 1, T. D. 43309.

On the record presented we have no other course than to overrule the protest claim, and judgment will therefore issue accordingly.