BEFORE THE THIRD DIVISION, DECEMBER 5, 1950

No. 54925.—Department of the Army (Cecil R. Russell, Capt., QMC) *v.* United States, protest 154333–K (San Juan).

CLINE, Judge: This is a protest, arising at the port of San Juan, P. R., against the collector's assessment of duty on vegetables imported from Atkinson Air Force Base, British Guiana. It is claimed that the shipment was not in fact an importation from a foreign country but a shipment from one army installation to another.

At the trial, counsel for the Government moved to dismiss the protest on the ground that the duty had not been paid and that the payment of duty was a condition precedent to the filing of a valid protest.

It appears from the official papers, and it was stipulated by the parties, that the duties have not been paid.

Section 514 of the Tariff Act of 1930 provides that decisions of the collector as to the rate and amount of duties chargeable shall be final and conclusive on all parties unless "the importer, consignee, or agent of the person paying such charge," shall file a protest within 60 days after liquidation. Section 515 of the same act provides that upon the filing of such protest, the collector shall review his decision, and that if he shall affirm his decision, "and, in the case of merchandise entered for consumption, if all duties and charges shall be paid," then the

collector shall transmit the papers to the United States Customs Court for due assignment and determination, as provided by law.

In construing these provisions and the predecessors thereto, it has been held that payment of duties is a condition precedent to a valid protest.. *United States* v. *Sherman & Sons Company*, 237 U. S. 146; *Kolynos Co.* v. *United States*, 25 Treas. Dec. 211, T. D. 33762; *Geo. B. Reading* v. *United States*, 46 Treas. Dec. 320, T. D. 40457; *Champion Coated Paper Co.* v. *United States*, 24 C. C. P. A. 83, T. D. 48411; *Sucrest Corporation* v. *United States*, 31 C. C. P. A. 220, C. A. D. 275.

In *Kolynos Co.* v. *United States, supra,* the court said (p. 213):

To sum up, we conclude that under subsection 14, section 28, tariff act of 1909, providing where merchandise has been entered for consumption that upon protest and payment of "the full amount of the duties and charges ascertained to be due," the collector shall transmit the papers to the Board of General Appraisers for decision, the collector should withhold the papers till such payment is made, and that in the event of premature transmission to the board, the board will be without jurisdiction to decide the case until such payment shall have been made.

In *Geo. B. Reading* v. *United States, supra,* it was held, in view of the wording of paragraph N, section III of the Tariff Act of 1913, that upon protest and payment of duties the collector shall transmit the papers to the Board of General Appraisers and that the board had no jurisdiction of a case where duties had not been paid. In a concurring opinion, Judge Adamson stated that the protest should be dismissed, not for lack of jurisdiction of the board, but for failure to comply with the law authorizing the importer to secure relief.

In *Champion Coated Paper Co.* v. *United States, supra,* drawback entries were filed under the Tariff Act of 1922 and were liquidated by the collector and a refund paid to the appellant. Subsequently, the rates were reinvestigated and the collector demanded a repayment from appellant. The appellant made no refund but protested the reliquidation made by the collector. It was held that the court had jurisdiction to determine whether as a condition precedent to the right of protest the protestant must pay the money demanded. The court said (pp. 89–90):

Upon what ground does the appellant base its case? It protests, but against what? It has paid nothing, it has incurred no obligations, it has not been actionably damaged. The defenses which the appellant has against the Government's demand for the payment of money, may be fully asserted if the Government sues the appellant in a district court of the United States. Having such a remedy, it is hard to discern wherein the appellant is damaged. If, on the other hand, the appellant desires to litigate the matter here by protest, which proceeding is, in effect, a suit against the United States, it must first meet the demands of the Government, pay the money claimed to be due, and then proceed by way of protest through the United States Customs Court and this court to a judgment which ought to, and doubtless would, secure it all its legal rights.

Section 514 contemplates in cases of this character that the money shall be in the hands of the Government at the time the protest is filed.

In the instant case the shipment was entered for consumption by a representative of a United States Government department, and, in accordance with section 8.28 (c) of the Customs Regulations of 1943, estimated duties were not required to be deposited. Said section provides, however, that after liquidation, the collector shall bill the proper department or agency for any duties due. According to the correspondence attached to the official papers, notice of duties due was sent, but no duties were paid, either at the time of filing the protest or subsequently.

Should the plaintiff have desired to litigate the matter in this court, the duties claimed to be due should first have been paid. *Champion Coated Paper Co.* v. *United States, supra.*

The protest is dismissed. Judgment will be rendered accordingly.