BEFORE THE THIRD DIVISION

MARCH 10, 1953

**No. 57153.**—Importers Sales Agents (J. L. Westland & Son) and Importers Sales Agent (John L. Westland & Son, Inc.) v. United States, protests 171454–K and 171455–K (Los Angeles).

EKWALL, Judge: These cases relate to the same entry and are before us on a motion to dismiss. The ground for said motion, which as made at the hearing by counsel for the Government, is the failure on the part of the plaintiffs to pay duties and charges due. The merchandise consists of what is described on the invoice as flavoring extract containing 9 percent of alcohol. Entry was made for warehouse. Out of the 100 cases imported, 47 cases have been withdrawn for consumption. The remaining 53 cases are still in warehouse. It was agreed at the hearing that increased duty and internal revenue tax, amounting to $1,116.70, have not been paid.

The pertinent provisions of the statute involved are found in section 515 of the Tariff Act of 1930 (19 U. S. C. § 1515) and are as follows:

Upon the filing of such protest the collector shall within ninety days thereafter review his decision * * *. If the collector shall, upon such review, affirm his original decision * * * and, *in the case of merchandise entered for consumption*, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers * * * to the United States Customs Court for due assignment and determination, as provided by law. * * * [Italics supplied.]

Government counsel cites in support of the motion to dismiss the case of *Department of the Army (Cecil R. Russell, Capt., QMC)* v. *United States*, reported in 25 Cust. Ct. 330, Abstract 54925. In that case, this court dismissed the protest

on a finding that the duties had not been paid. However, a reading of the decision discloses that the goods there involved were entered for consumption.

Counsel for the importers contends that the payment of duties is not a condition precedent to the filing of a valid protest under the circumstances of the instant case in which a warehouse entry and not an entry for consumption was made. It is contended that the statute is limited to cases involving entries for consumption. It is pointed out in the brief filed on behalf of the importers, plaintiffs herein, that Congress has made a clear distinction between entries for consumption and withdrawal for consumption. When it intends to provide for both, it so indicates by the use of a phrase such as "entered or withdrawn for consumption." (Section 313 (c), Tariff Act of 1930 (19 U. S. C. § 1313 (c).) Likewise, in sections 311 and 313 (i), when it intends to designate the operation of removing goods from warehouse and mingling them with the commerce of the country, it uses some such term as "withdrawn for domestic consumption," or "withdrawn for consumption." We consider this point well taken and find that the provision in section 515, *supra*, being limited to cases of merchandise entered for consumption, there is no provision in the statute requiring that duties and charges must be paid in cases of warehouse entries.

We therefore find and so hold that the motion to dismiss because of nonpayment of duties and charges should be and the same is hereby denied.