No. 65151.—Amerifact Corporation v. United States, protest 60/4035 (New York).

OLIVER, Chief Judge: This case comes before us at this time on defendant's motion for dismissal "on the ground that the increased duty found to be due the Government on liquidation of the entry herein" has not been paid.

Copy of defendant's motion for dismissal was duly served on plaintiff, and time for reply, as required by rule 6(d) of this court, was allowed. No denial was made either by, or on behalf of, plaintiff of the basic fact that the increased duty found to be due the Government on liquidation of the entry has not been paid.

An examination of the official papers discloses that the motion is good. Payment of duties is a condition precedent of the right to file a protest. *Department of the Army et al.* v. *United States*, 25 Cust. Ct. 330, Abstract 54925, and cases therein cited.

Defendant's motion for dismissal of the protest is granted, and judgment will be rendered accordingly.

The action herein is consistent with that taken in the similar cases, involving identical circumstances, of *G. J. Wahlers* v. *United States*, 45 Cust. Ct. 273, Abstract 64542, and *Irving Ross* v. *United States*, 45 Cust. Ct. 273, Abstract 64543.

DISSENTING OPINION

MOLLISON, Judge: I am unable to agree with the decision of my colleagues that the motion of the defendant for dismissal of the instant protest is good and should be granted. I find the motion to be defective in substance, and the allegation of nonpayment of duties not to be supported by proof.

The motion to dismiss the protest is not supported by an affidavit as to the fact of nonpayment made by a person who is familiar with the facts, nor is it accompanied, as required by rule 6(e) of the rules of this court, by an order of the kind proposed to be entered in the premises.

It is the universal rule that motions, such as the one here made, for an order affecting substantial rights should be supported by an affidavit verifying the facts upon which they are grounded, where such facts do not appear of record. 37 Am. Jur., Motions, Rules, and Orders, section 14, and 60 C.J.S., Motions and Orders, section 23. The fact of nonpayment of increased duties does not appear of record in this case.

The record in the case consists of the protest, the entry, and the accompanying papers transmitted by the collector to the court, in accordance with his statutory duty under section 515 of the Tariff Act of 1930 (*M. Pressner & Co.* v. *United States*, 26 C.C.P.A. (Customs) 186, C.A.D. 16), as well as the motion here under consideration. Of course, the fact that a paper is part of the record before a court does not necessarily confer upon it the status of evidence of the facts therein recited, as is clearly shown by the decisions in the cases of *United States* v. *Ocean Brokerage Co.*, 11 Ct. Cust. Appls. 38, T.D. 38648; *Oakland Food Products Co. et al.* v. *United States*, 32 C.C.P.A. (Customs) 28, C.A.D. 281; *United States* v. *Albers Bros. Milling Co. et al.*, 35 id. 119, C.A.D. 380; and *United States* v. *California Milk Producers Association et al.*, 35 id. 126, C.A.D. 382.

Examination of the entry papers in the case at bar indicates that increased duties were found to be due upon liquidation, and there is no indication on the face of such papers that the increased duties have been paid. Neither is there anything on the face of the papers which establishes, as a fact, that the increased duties have not been paid. There is attached to the entry papers a copy of a letter from the collector to the plaintiff requesting payment of the duties,

and there is a memorandum transmitted to the court with the papers by the collector to the effect that the duties had not been paid at the time when the said memorandum was made.

Taking up, first, the contents of the entry papers themselves, it may be said that while it has been held that the legend on an entry that duties have been paid is *prima facie* evidence of the fact of payment of duties (*Stanley Bulkley Co.* v. *United States*, 26 C.C.P.A. (Customs) 368, C.A.D. 43), it has never been held nor could it logically be argued that the *absence* of such a legend constitutes evidence of any kind that the duties have *not* been paid.

This leaves for consideration only the status of the letter and memorandum referred to above as possible evidence of nonpayment of the increased duties. As has been hereinbefore stated, the fact that a paper may be found as part of the record in a case does not necessarily confer upon it the status of evidence of the facts therein recited. As a general rule, it may be said that statements found in the papers transmitted to the court by the collector with a protest are not, by reason of being part of the record, evidence of the facts where the statements relate to matter in controversy. *United States* v. *Bloomingdale Bros. & Co.*, 10 Ct. Cust. Appls. 149, T.D. 38400; *United States* v. *Ocean Brokerage Co.*, *supra*. The motion here made brings into controversy the issue of the payment of the increased duties.

In such situation, it has been held that when it is sought to consider such a paper as tending to establish the truth of the matters recited therein, it must be offered to the court as evidence for that purpose. In *W. T. Grant Company* v. *United States*, 38 C.C.P.A. (Customs) 57, C.A.D. 440, the reason for this requirement was stated as follows:

* * * The normal rules of evidence then apply, and the opponent of the offeror is entitled to object to the admission of the invoice for such purpose if the circumstances attendant upon its offer characterize it as hearsay evidence which does not come within any of the common law or statutory exceptions to the hearsay rule. *Borgfeldt & Co.* v. *United States*, *supra* [11 Ct. Cust. Appls. 421, T.D. 39433].

The paper involved, in that case, was an invoice, but it is clear from the context that the principle applies to all of the papers transmitted by the collector as part of the so-called "official file" in a protest case. For a further discussion of the principle, see the decision in *United States* v. *Western Electric Company*, 26 Cust. Ct. 531, Reap. Dec. 7954.

The letter and memorandum were not offered in evidence by the proponent of the motion, and, consequently, there is no proof in the record in the case at bar that the increased duties were not paid, nor has there been any effort to support the motion by evidence outside the so-called "official file."

It has been held on the highest authority that a motion for an order affecting substantial rights which is not supported either by proof of facts in the record or by an accompanying affidavit verifying the facts will not be entertained by a court for affirmative action. *Texas* v. *White*, 131 U.S. XCVI, appendix, 19 L. ed. 533.

I consider of no effect upon the situation the fact that the plaintiff, through its counsel, was served with a copy of the defendant's motion and that no reply thereto was made within the time permitted by rule 6(d) of this court. Certainly, if the motion made by the defendant was so defective that the court was not bound to act upon it, the plaintiff was under no duty to respond to it. The failure to respond, under such circumstances, cannot be deemed to be any admission of the allegations made in the motion.

I am, therefore, of the opinion that the present motion should be denied.