No. 66724.—A. Zerkowitz & Co., Inc. *v.* United States, protests 60/30748, etc. (Boston).

OLIVER, Chief Judge: The cases enumerated in schedule "A," hereto attached and made a part hereof, are before us at this time on defendant's motion for dismissal on the ground that the increased duties found to be due the Government on liquidation of the entries involved herein have not been paid.

Copy of defendant's motion for dismissal was duly served on counsel for plaintiff, and time for reply, as required by rule 6(d) of this court, was allowed. No denial was made either by, or on behalf of, plaintiff of the basic fact that the increased duties found to be due the Government on the liquidations of these entries have not been paid.

An examination of the papers in each of these cases discloses that the motion is good. Payment of duties is a condition precedent to the right to file a protest. *Department of the Army et al.* v. *United States,* 25 Cust. Ct. 330, Abstract 54925, and cases therein cited.

Defendant's motion for dismissal of these protests is granted and judgment will be rendered accordingly.

The action herein is consistent with that taken in the similar cases, involving identical circumstances, of *C. J. Wahlers* v. *United States,* 45 Cust. Ct. 273, Abstract 64542, *Irving Ross* v. *United States,* 45 Cust. Ct. 273, Abstract 64543, and *Interim, Inc.* v. *United States,* 46 Cust. Ct. 334, Abstract 65150.

### DISSENTING OPINION

MOLLISON, Judge: In addition to the matters set forth in my dissenting opinion in the case of *Interim, Inc.* v. *United States,* reported in Abstract 65150, I would like to make additional observations about the matter involved in this case.

The question here involved is not the substantive law or question whether duties must be paid by a protestant, but rather the procedure which must be followed by the court in the consideration of a motion to dismiss proceedings where a motion to dismiss has been made, but which motion has not been supported by an affidavit setting up facts.

As a general proposition, a motion to dismiss a suit or proceeding will not be considered where there is any dispute, or doubt, about the facts on which the motion is based.[1]

Where a party, in order to sustain an essential element of his proof, relies upon the contents of a paper or document contained in or included in the "official files or papers" as tending to prove the truth of the matters recited therein, the mere presence or inclusion of such paper or document in the "official files or papers" will not suffice to prove the contents of said paper or document, but it must, like all other documents and papers, be offered and properly received in evidence before it may be considered by the court in deciding the case.[2]

---

[1] *National Bank* v. *Insurance,* 100 US 43; *J. F. Seiberling Co.* v. *Rodman,* 14 Ind. App. 400 (1896); *Towner* v. *Detroit, M. R. Co.,* 7 Mich. 10 (1859); *Adams* v. *Reeves,* 74 N.C. 106 (1887).

[2] *U.S.* v. *Western Electric Company,* 26 CCR 531, Reap. Dec. 7954; *U.S.* v. *Burley & Tyrell Co.,* 5 Ct Cu App 401, TD 34938; 2 Hyatt on Trials, sec. 1968, note 44.

The mere fact that a paper is part of the record or files in a case before a court does not necessarily confer upon it the status of evidence of the facts therein recited, as is clearly shown by the decisions in the cases of *U.S.* v. *Ocean Brokerage Co.,* 11 Ct Cu App 38, TD 38648; *Oakland Food Products Co., et al.* v. *U.S.,* 32 CCPA 28, CAD 281; *U.S.* v. *Albers Bros. Milling Co. et al.,* 35 CCPA 119, CAD 380; and *U.S.* v. *California Milk Producers Association et al.,* 35 CCPA 126, CAD 382.

A judge of the Customs Court is not permitted to go beyond the evidence in the case and take notice, in deciding the case, of documents and papers which have not been offered in evidence and which have not been legitimately made a part of the record of the case which has been tried and submitted for decision and judgment.

Judges are not permitted to go beyond the evidence in the case and take notice in deciding a case of documents which have not been made a part of the record.[3]

It is necessary that affidavits setting forth the facts be submitted in support of a motion which is based on facts outside of the record,[4] and in cases which involve facts of which the court cannot take judicial notice,[5] or which are not admitted by the adverse party.[6]

Good practice requires that where a motion is founded on matters not within judicial knowledge of the court, there should be an affidavit, as to existence of facts on which it is based, showing their materiality and necessity for invoking the aid of the court with reference thereto.[7]

Generally, the moving party must always carry the burden of supporting his motion.[8] The use of affidavits in support of motions is proper practice in the Federal courts and verification of motions by affidavits is the general practice.[9] There is certainly no obligation on the part of the court to search the record to find facts upon which to sustain the motion to dismiss. The duty is plainly upon the movant to support his motion with pertinent facts or furnish testimonial evidence sufficient to sustain his motion. In the case of *Switzer Brothers, Inc.* v. *Byrne, supra,* the court said:

[2] The use of affidavits in support of motions is recognized in the Federal Rules of Civil Procedure, rule 6(d), 28 U.S.C. and the verification of motions by affidavit is the general practice. 37 Am. Jur. 507, Section 14, Papers in Support of Motion, Note 18 and cases cited; State of Texas v. White, 131 U.S. Appendix xcv, 19 L. Ed. 532. Cf. Universal Adjustment Corporation v. Midland Bank, Limited, of London, England, 281 Mass. 303, 184 N.E. 152, 87 A.L.R. 1407, opinion by Chief Justice Rugg.

The fact of nonpayment of the duties does not appear from the face of the record in this case.

I am of the opinion the motion should be denied without prejudice to renew the motion either supported by proper papers or to furnish testimonial proof in support of the motion to dismiss.

---

[3] *U.S.* v. *Burley & Tyrell Co., supra.*

[4] *Hicks* v. *State,* 171 S.W. 755, 75 Tex. Cr. 461.

[5] *Terre Haute Gas Corporation* v. *Johnson,* 45 N.E. (2d) 484, 221 Ind. 499, rehearing denied and mandate modified on other grounds, 48 N.E. (2d) 455, 221 Ind. 499.

[6] *Hodges* v. *Trenton Mut. Life, etc., Ins. Co.,* 24 N.J. Law 673.

[7] *Terre Haute Gas Corporation* v. *Johnson,* 45 N.E. (2d) 484, 221 Ind. 499.

[8] *U.S.* v. *Warrington,* 17 F.R.D. 25, 29.

[9] *Switzer Brothers, Inc.* v. *Byrne,* 242 F. (2d) 909.