(C.D. 2660)

KORLIS, LTD. v. UNITED STATES

United States Customs Court, Third Division

(Decided April 20, 1966)

*Phillip Strauss* for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges; DONLON, J., concurring

RICHARDSON, Judge: The merchandise of this protest consists of bicycles of Czechoslovakian manufacture and origin which were im-

ported at Mobile, Ala., under a warehouse entry. The merchandise was advanced in value upon appraisement, and the involved entry was liquidated upon the basis of the advanced values. The importer contends in its protest that liquidation of the subject entry is null and void because notice of appraisement was not given as required by law. It appears from the record that the collector reviewed the entry proceedings in the light of the protest claim and affirmed his findings and decision on the basis of the record copy of the notice of appraisement, transmitted the entry papers and accompanying papers to the Customs Court, and subsequently recommended, by means of a letter to the Assistant to the Chief Counsel, that the Assistant Attorney General be requested to file a motion for the dismissal of the protest for nonpayment of increased duties, upon the authority of 19 U.S.C.A., section 1515 and Abstract 57153.

When the instant protest was called for trial, defendant moved for dismissal of the protest upon the ground that increased duties assessed in liquidation have not been paid, and there was received in evidence as defendant's exhibit A, without objection, the affidavit of the collector to the effect that increased duties in the sum of $2,753.20 had not been paid, although demand therefor had been made. Decision upon the motion was reserved by the court, and pending such decision, trial of the main issue was held in abeyance. The record also established, and plaintiff's counsel has admitted, that increased duties have not been paid (R. 5).

The question is whether the Customs Court has jurisdiction to entertain a protest filed by an importer who has not paid increased duties assessed in liquidation upon merchandise withdrawn from warehouse for consumption. The answer is that the court may not take jurisdiction until such duties have been paid.

Statutory requirements relating to the payment of duties and the filing of protests are set forth in 19 U.S.C.A., section 1505 (section 505, Tariff Act of 1930), 19 U.S.C.A., section 1514 (section 514, Tariff Act of 1930), 19 U.S.C.A., section 1515 (section 515, Tariff Act of 1930), and 19 U.S.C.A., section 1557 (section 557, Tariff Act of 1930). The pertinent provisions of these statutes read as follows:

§ 1505. Payment of duties

The consignee shall deposit with the collector, at the time of making entry, unless the merchandise is entered for warehouse or transportation, or under bond, the amount of duty estimated to be payable thereon. Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement *the collector shall* ascertain, fix, and *liquidate the rate and amount of duties to be paid on such merchandise* as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, *and collect any increased or additional duties due* or refund

any excess of duties deposited as determined *on such liquidation.* [Emphasis added.]

§ 1514. Protest against collector's decisions

. . . all decisions of the collector . . . as to the rate and amount of duties chargeable . . . shall . . . be final . . . unless the importer . . . shall . . . as well in cases of *merchandise entered in bond as for consumption,* file a protest in writing with the collector . . . . [Emphasis added.]

§ 1515. Same; review of decisions

Upon the filing of such protest the collector shall . . . review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess . . . . If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, *and, in the case of merchandise entered for consumption, if all duties and charges shall be paid,* then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. . . . [Emphasis added.]

§ 1557. Entry for warehouse, warehouse period; . . .

(a) Any merchandise subject to duty . . . may be entered for warehousing and be deposited in a bonded warehouse at the expense and risk of the owner, importer, or consignee. *Such merchandise may be withdrawn,* at any time within three years from the date of importation, *for consumption upon payment of the duties and charges accruing thereon at the rate of duty imposed by law upon such merchandise at the date of withdrawal;* . . . . [Emphasis added.]

Technically, the placing of a comma after the word "and," and before the phrase "in the case of merchandise entered for consumption" in section 1515 raises a question as to whether the word "and" does not connect with the phrase "if all duties and charges shall be paid"; and the phrase "in the case of merchandise entered for consumption" is included merely to emphasize that duties must be immediately collected in this instance, without excluding the intent to have such duties collected when the merchandise is withdrawn from warehouse for consumption.

Assuming that section 1515 is to be read as if there were no comma following the word "and" referred to in the preceding paragraph; on merchandise "entered for consumption" (which goes immediately into the commerce of the United States, as distinguished from merchandise entered for storage in a warehouse, for exhibition, for transportation, etc.), the duties specified by the collector of customs must be paid before the collector may transmit the protest and accompanying papers to the Customs Court. When goods are "withdrawn from warehouse for consumption" they enter immediately the commerce of the United

States the same as merchandise "entered for consumption," and the above statutes indicate a clear intention on the part of Congress to have the duties paid in both situations before the importer has standing in the Customs Court. The place of the merchandise at the time the protestant appears before the Customs Court and not the form of the original entry paper governs the case.

Section 1505 expressly states that after the collector liquidates he must "collect any increased or additional duties due."

Section 514 in the Tariff Act of 1922 contained the language "and if the merchandise is entered for consumption shall pay the full amount of duties, charges, and exactions ascertained to be due thereon." The Court of Customs and Patent Appeals held that this language does not mean that in no other case is the importer required to pay duties before he can protest and dismissed a protest because duties due on drawback entries had not been paid. *Champion Coated Paper Co.* v. *United States*, 24 CCPA 83, T.D. 48411.

The language quoted in the preceding paragraph was transferred from section 514 of the 1922 Tariff Act to section 515 of the 1930 Tariff Act, without any indication in the House of Representatives Ways and Means Committee Report of a reason for such transfer. The report contains the following statement about the revision of section 515 in the 1930 Tariff Act:

"The language of the present law [1922 Tariff Act] requires the payment of the full amount of duties, charges, and exactions ascertained to be due, *upon the filing of a protest with the collector.* Your committee believes that *payment should not be required* unless and *until the protest goes to* the Board of General Appraisers [later amended to read *United States Customs Court*] and the law has been amended accordingly." [Emphasis added.] House of Representatives Report No. 7 to accompany H.R. 2667, Tariff Bill of 1930, 71st Congress, 1st Session p. 179.

This statement from the House Committee Report further indicates Congress' intent to have payment made to the collector of "the full amount of duties . . . ascertained to be due" before the Customs Court assumes jurisdiction.

The first division of the Customs Court interpreted similar language in section 1515—"in the case of merchandise entered for consumption, if all duties and charges shall be paid,"—not to excuse an importer from the requirement to pay increased duties upon merchandise which has been withdrawn from warehouse for consumption and entered the commerce of the country. *The A. W. Fenton Co., Inc.* v. *United States*, 55 Cust. Ct. 74, C.D. 2554, appeal 5237 pending. See also, *Excel Shipping Corp.* v. *United States*, 44 Cust. Ct. 55, C.D. 2153.

For the reasons stated, the protest herein is dismissed.

Judgment will be rendered accordingly.

CONCURRING OPINION

DONLON, Judge: The first division in *The A. W. Fenton Co., Inc.* v. *United States*, 55 Cust. Ct. 74, C.D. 2554 (appeal 5237 pending), held that "withdrawal from warehouse for consumption eliminates the last rational difference bearing on the dismissal of a protest for nonpayment of fully liquidated duties." (P. 81.)

Here such withdrawal for consumption was prior to liquidation and, *ergo*, prior to protest and the transmittal thereof to the court. Thus, the last rational difference, as between a warehouse entry and the entry of that merchandise for consumption, bearing on this motion to dismiss this protest for nonpayment of liquidation duties, has been eliminated.

*Excel Shipping Corp.* v. *United States*, 44 Cust. Ct. 55, C.D. 2153, was decided by unanimity of result, but not of opinion. Each of the three judges of the third division wrote an opinion. It was my opinion that an entry into warehouse solely for the purpose of fumigating the merchandise, required by Government regulations, was, on the facts obtaining there, tantamount to an entry for consumption.

I concur that defendant's motion to dismiss this protest should prevail.