(C.D. 3680)

Marvin Schnitzer Machinery Co. *v.* United States

United States Customs Court, Second Division

(Dated January 27, 1969)

*Glad & Tuttle* for the plaintiff.
*Carl Eardley,* Acting Assistant Attorney General, 'for the defendant.

Before Rao and Newman, Judges

Newman, Judge: Plaintiff's motion to vacate the order of dismissal entered in this case and for a rehearing, is denied.

The undisputed facts are: the increased duties determined by the district director of customs to be due upon liquidation of the entries were not paid by plaintiff; and thereupon defendant moved for dismissal of the protest on June 11, 1968. Plaintiff requested, and was granted, two 30-day extensions of time in which to reply to the Government's motion to dismiss. A third similar request was denied. Thereupon, plaintiff filed no defense to the Government's motion.

On October 1, 1968, this court granted the Government's motion, and entered an order dismissing the protest. Subsequently, on October 28, 1968, plaintiff moved "for an Order granting the withdrawal of the Motion to Dismiss, and restoration of the protest to the calendar." The affidavit, in support of this present application, states in substance that the increased duties were being transmitted (on that date) to the district director of customs at Portland, and appends a copy of a letter from an insurance agent transmitting to plaintiff's counsel a check payable to the Bureau of Customs covering the increased duties in several Portland, Oregon, entries, including the two involved in this protest. The letter requested that the check be forwarded to the district director at Portland "so that the protest can be restored to the Court calendar."

It must be emphasized that plaintiff's affidavit is utterly barren as to the merits; and indeed the affidavit fails even to undertake to explain the plaintiff's defaults.

The Government has interposed a memorandum, conceding that the increased duties were paid on October 30, 1968, but strongly urging denial of the plaintiff's application.

The moving affidavit does not assert that the court's order dismissing this suit for nonpayment of customs duties was erroneous or improvident, and hence this court need not consider the correctness of that

order. Consequently, the only question now to be determined is the propriety, under the facts in this case, of the vacatur of the court's order of dismissal, and the granting of a rehearing.

Upon payment of the increased duties in this case, plaintiff did not acquire the right to a rehearing. It is well settled that the granting of a petition for a rehearing is within the sound legal discretion of the court. *Thornley & Pitt et al.* v. *United States*, 19 CCPA 221, T.D. 45325 (1931). Such discretion, of course, may not be exercised in the abstract, but should be founded upon appropriate evidentiary facts which indicate that the interest of justice requires the granting of a rehearing. Plaintiff's moving papers, however, fail to establish any equitable basis upon which to invoke the remedy which plaintiff's motion seeks. As indicated above, there are no facts alleged in the moving affidavit which show that failure to pay the increased duties prior to dismissal of this action was due to some unavoidable delay, mistake, or inadvertence of counsel. On the contrary, the court must recognize that plaintiff knew, that to prosecute this case on the merits, the increased duties must be paid so the court's jurisdiction could attach. See *Korlis, Ltd.* v. *United States*, 56 Cust. Ct. 365, C.D. 2660 (1966); *A. Zerkowitz & Co., Inc.* v. *United States*, 48 Cust. Ct. 437, Abstract 66724 (1962), rehearing denied, 49 Cust. Ct. 245, Abstract 67086.

Regrettably, the increased duties were not paid prior to the court's dismissal of the protest. Under the circumstances, herein, we are constrained to find that the importer's neglect to pay the increased duties owing to the Government, before its suit is dismissed on that ground, requires the denial of its motion for a rehearing, notwithstanding that such duties are paid after dismissal.

Motion is denied.